**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| I.M.M., by and through her guardian ad litem, Patrice Young,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>Defendant. | ) Case No. CV 11-5334-SP<br>)<br>)<br>) **MEMORANDUM OPINION AND**<br>) **ORDER**<br>)<br>)<br>)<br>)<br>) |

**I.**

**INTRODUCTION**

On July 1, 2011, plaintiff I.M.M., by and through her guardian ad litem, Patrice Young, filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of Supplemental Security Income ("SSI") benefits. Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties' briefing is now complete, and the court deems the matter suitable for adjudication without oral argument.

The sole issue presented for decision here is whether the Administrative Law

Judge ("ALJ") properly found at step three that plaintiff's impairments do not functionally equal any listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Pl.'s Mem. at 3-7; Def.'s Mem. at 2-6; Reply at 3-5.

Having carefully studied, inter alia, the parties' written submissions and the Administrative Record ("AR"), the court concludes that, as detailed herein, there is substantial evidence in the record, taken as a whole, to support the ALJ's finding at step three. The court therefore affirms the Commissioner's decision denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was eleven years old on the date of her June 18, 2009 administrative hearing, has been enrolled in special education classes since starting school. AR at 34-35.

On April 28, 2008, Patrice Young applied for SSI on behalf of plaintiff, alleging plaintiff's disability – a learning disability, which causes plaintiff to be "very slow and work[] at several grade levels below her age and grade" – began on April 9, 2008. *See* AR at 94-100, 103. The application was denied initially and upon reconsideration, after which Ms. Young filed a request for a hearing on behalf of plaintiff. *Id.* at 47, 48, 49-52, 53, 56-61, 62.

On June 18, 2009, plaintiff and Ms. Young, represented by counsel, appeared and testified at a hearing before the ALJ. AR at 32-43, 43-45, 46. On July 30, 2009, the ALJ denied plaintiff's claim for benefits. *Id.* at 14-28.

Applying the three-step sequential evaluation process,[1] the ALJ found, at step

---

[1] "An individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). In determining

one, that plaintiff has not engaged in substantial gainful activity at any time relevant to the ALJ's decision. AR at 18.

At step two, the ALJ found that plaintiff suffers from the following severe impairments: speech and language impairments, and delay in reading, math, and written language. AR at 18.

At step three, the ALJ found that plaintiff's impairments, either individually or in combination, do not meet or medically equal a Listing, and also do not functionally equal a Listing. AR at 18. Specifically, the ALJ found that plaintiff: has less than marked limitation in Acquiring and Using Information; has less than marked limitation in Attending and Completing Tasks; has less than marked limitation in Interacting and Relating with Others; has no limitation in Moving About and Manipulating Objects; has no limitation in the ability to Care for Herself; and has no limitation in Health and Physical Well-Being. *Id.* at 20-21, 22, 23-24, 25, 26, 27. Thus, the ALJ concluded that plaintiff was not suffering from a

---

eligibility for SSI based on a childhood disability, the Commissioner applies a three-step evaluation process. 20 C.F.R. § 416.924(a).

At step one, the Commissioner considers whether the child has engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If not, then at step two, the Commissioner considers whether the medically determinable impairment or combination of impairments is severe. 20 C.F.R. § 416.924(c). If severe, step three requires the Commissioner to determine whether the impairment meets, medically equals, or functionally equals the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). 20 C.F.R. § 416.924(d).

An impairment functionally equals a Listing if the child has "marked" limitations in two out of six functional domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The six functional domains are: (1) Acquiring and Using Information; (2) Attending and Completing Tasks; (3) Interacting and Relating with Others; (4) Moving About and Manipulating Objects; (5) Caring for Himself or Herself; and (6) Health and Physical Well-Being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi).

disability as defined by the Social Security Act. *Id.* at 27.

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. AR at 1-3, 10. The ALJ's decision stands as the final decision of the Commissioner.

## III.
## STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## DISCUSSION

Plaintiff contends the ALJ's step-three finding – that plaintiff's impairments do not functionally equal a Listing – is not supported by substantial evidence. Pl.'s Mem. at 3-7; Reply at 3-5. Specifically, plaintiff argues that the ALJ erred in relying on the opinion of state agency consultant Dr. R.E. Brooks (who opined in a July 22, 2008 Childhood Disability Evaluation Form that plaintiff had a less than marked limitation in Acquiring and Using Information), and in rejecting the opinion of state agency consultant Dr. P.M. Balson (who opined in a September 8, 2008 Childhood Disability Evaluation Form that plaintiff had marked limitation in Acquiring and Using Information). Pl.'s Mem. at 5. Plaintiff further argues that in addition to her marked limitation in the domain of Acquiring and Using Information, her "medical and school records also support the contention that [she] has marked limitation in attending and completing tasks." *Id.* at 6. Plaintiff therefore maintains that because she suffers from marked limitations in two domains – Acquiring and Using Information and Attending and Completing Tasks – her impairments are functionally equivalent to the Listings, and a finding of disability is warranted. *Id.* This court disagrees.

First, the ALJ properly found plaintiff has less than marked limitation in Acquiring and Using Information. *See* AR at 20-21. In this domain, an ALJ considers "how well [a claimant] acquire[s] or learn[s] information, and how well [the claimant] use[s] the information [he or she has] learned." 20 C.F.R. § 416.926a(g). "Examples of limited functioning in acquiring and using information" include: (1) the claimant does not demonstrate understanding of words about space, size, or time; e.g., in/under, big/little, morning/night; (2) the claimant cannot rhyme words or the sounds in words; (3) the claimant has difficulty recalling important things he or she has learned in school the previous day; (4) the claimant has difficulty solving mathematics questions or computing arithmetic answers; and

(5) the claimant talks only in short, simple sentences and has difficulty explaining what he or she means. 20 C.F.R. § 416.926a(g)(3)(i)-(v).

Here, contrary to plaintiff's contention, substantial evidence supports the ALJ's finding with regard to this domain. A speech/language specialist – in an April 10, 2008 Speech and Language Three Year Review report – stated plaintiff "has met on[e] of her previous goals and is able to produce /s/ and /z/ at a conversational level with 80 % accuracy." AR at 187. The ALJ noted a June 16, 2008 Speech and Language Evaluation Form Infants and Children indicated plaintiff had "moderate to severe delays in the areas of receptive/expressive vocabulary, syntax, morphology, and visual and auditory processing" (*id.* at 20 (citing *id.* at 213-19)), but that an April 9, 2009 Speech and Language Progress Report from plaintiff's school indicated: "[plaintiff] has demonstrated increased participation in speech therapy activities and has a decreased need for verbal cueing in order to provide appropriate responses to questioning"; "she has shown growth in her ability to explain her utterances and expand upon her ideas"; "she answers wh-questions about a visual stimili (picture) with 70% accuracy"; and "she answers wh-question about a verbally presented story with 60% accuracy." *See id.* at 20 (citing *id.* at 411-12). In a May 7, 2008 Teacher Questionnaire, Joni Alexander (plaintiff's Special Day Class teacher) indicated that – except for a serious problem in expressing ideas in written form – plaintiff has between slight and obvious problems in areas of Acquiring and Using Information. *See id.* at 124. Ms. Alexander also stated that despite having to work independently during Reading and Math Workshop, plaintiff "knows what she needs to do at that time, and does everything consistently." *Id.*

In addition, as further noted by the ALJ, consultative examining psychologist Dr. Halimah McGee found in a June 5, 2008 Psychological Evaluation that plaintiff: was able to count from one to ten and was able to count backwards from ten to one; knew how many pennies there are in a nickel, but not how many nickels there are in

a dime; was able to correctly name several objects that were pointed to around the room; was able to remember three out of three objects in three minutes; and was able to write her name, copy a line, and copy a circle. *See* AR at 21 (citing AR at 211). Although plaintiff "displayed a mild articulation disorder when she spoke," Dr. McGee stated plaintiff's speech "was understandable" and ultimately diagnosed plaintiff with only mild phonological disorder.[2/] *Id.* at 211-12.

      Dr. Brooks, in the July 22, 2008 Childhood Disability Evaluation Form, found plaintiff's impairments – speech and language impairment, and specific learning disability – are severe but do not meet, medically equal, or functionally equal a Listing. AR at 220. With regard to the first domain, Dr. Brooks opined that plaintiff has less than marked limitation in Acquiring and Using Information. *Id.* at 222. Like Dr. Brooks, Dr. Balson found in the September 8, 2008 Childhood Disability Evaluation Form that plaintiff's impairments are severe but do not meet, medically equal, or functionally equal a Listing. *Id.* at 236. Dr. Balson did, however, opine that plaintiff has marked limitation in one domain, Acquiring and Using Information. *Id.* at 238. The ALJ considered both opinions and ultimately accepted Dr. Brooks's opinion and rejected Dr. Balson's opinion for being "not consist[ent] with the school and consulting records." *Id.* at 21; *see also Andrews v. Shalala*, 53 F.3d 1035, 1041-42 (9th Cir. 1995) (non-examining physician's opinion may constitute substantial evidence only when it is "supported by other evidence in the record and [is] consistent with it"). As discussed above, contrary to plaintiff's contention and inconsistent with Dr. Balson's finding, the record supports less than marked limitation in the domain of Acquiring and Using Information. To the extent the evidence here is susceptible to more than one rational interpretation, the ALJ's

---

    [2/] "The essential feature of Phonological Disorder is a failure to use developmentally expected speech sounds that are appropriate for the individual's age and dialect . . . ." Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 65 (4th Ed. 2000).

1  decision must be upheld.  *See Andrews*, 53 F.3d at 1039-40 (ALJ is responsible for
2  "resolving conflicts in medical testimony" and for "resolving ambiguities"; ALJ's
3  decision must be upheld where the evidence is susceptible to more than one rational
4  interpretation); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (same).

5        Second, the ALJ properly determined plaintiff has less than marked limitation
6  in Attending and Completing Tasks.  *See* AR at 22.  In this domain, an ALJ
7  considers "how well [the claimant is] able to focus and maintain [his or her]
8  attention, and how well [the claimant] begin[s], carr[ies] through, and finish[es] [his
9  or her] activities, including the pace at which [the claimant] perform[s] activities
10 and the ease with which [he or she] change[s] them."  20 C.F.R. § 416.926a(h).
11 Examples of limited functioning in this domain include: (1) the claimant is easily
12 startled, distracted, or overractive to sounds, sights, movements, or touch; (2) the
13 claimant is slow to focus on, or fail to complete activities of interest to the claimant,
14 e.g., games or art projects; (3) the claimant repeatedly becomes sidetracked from his
15 or her activities or the claimant frequently interrupts others; (4) the claimant is
16 easily frustrated and gives up on tasks, including ones the claimant is capable of
17 completing; and (5) the claimant requires extra supervision to keep him or her
18 engaged in an activity.  20 C.F.R. § 416.926a(h)(3)(i)-(v).

19       Here, substantial evidence supports the ALJ's finding that plaintiff has less
20 than marked limitation in Attending and Completing Tasks.  During the June 5,
21 2008 Psychological Evaluation, Dr. McGee noted that plaintiff "was able to
22 maintain the appropriate levels of attention and concentration throughout the
23 contact period of th[e] evaluation.  She was able to follow directions and complete
24 all assigned tasks."  AR at 211.  Although Dr. McGee opined plaintiff "will
25 continue to require a special education program and more than the usual attention
26 from her teacher," Dr. McGee stated that plaintiff "was able to follow instructions"
27 and she "would be able to interact adequately with her peers to not cause excessive
28 disruption."  *Id.* at 212.  Further, aside from noting plaintiff has an obvious problem

completing work accurately without careless mistakes, Ms. Alexander indicated in the May 7, 2008 Teacher Questionnaire that plaintiff has either no problems or slight problems in areas of Attending and Completing Tasks. *Id.* at 125. Ms. Alexander explained – as the ALJ noted (*id.* at 22) – that plaintiff "may need to be redirected at time[s] to stop talking and stay on task," but that "[i]t is not a major problem [and plaintiff] normally gets her work done in a timely manner." *Id.* at 125. Moreover, Dr. Brooks found plaintiff has less than marked limitation in Attending and Completing Tasks and Dr. Balson found plaintiff has no limitation in this domain. *Id.* at 222, 238; *see also Andrews*, 53 F.3d at 1042.

Accordingly, the court finds that the ALJ's step-three finding that plaintiff does not functionally equal the Listings is supported by substantial evidence.

## V.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing this action with prejudice.

Dated: May 29, 2012

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE